Cahill *v.* Ragan.

Hobein against Murphy, set it aside as void for want of notice of the execution to Hobein, who resided in another county. After a judgment for the plaintiffs for the amount of the note, the defendant appealed.

*N. Holmes,* for appellant.

*Delafield, Jones* and *Stevenson* for respondent.

---

## CAHILL, Respondent, *vs.* RAGAN, Appellant.

1. The mere fact that a party is a contractor on a railroad is not sufficient to make him, as a matter of law, *prima facie* liable for the board of hands employed on his section of the road ; especially when there is a sub-contractor.

*Appeal from Franklin Circuit Court.*

This was an action commenced before a justice of the peace, for the board of certain hands employed on section nine of the Pacific railroad, upon which the defendant and one Farrar were principal contractors. At the trial in the Circuit Court on appeal, there was evidence tending to show that one Clifford, who had quit work and run away, was a *sub-contractor* under Ragan and Farrar upon section nine. Plaintiff was what was called a boarding boss on this section. There was evidence tending to show that Clifford employed the hands and boarding bosses; but a witness testified that the defendant had said he was accountable for the wages of any hands who worked under Clifford. The defendant himself was seldom upon this section of the road while the work was going on. A witness testified that plaintiff had stated that *Clifford*.employed him to board the hands. Another witness stated that the hands were to receive $1 25 and $1 40 per day, and their board was to be paid out of their day's wages; and that the general custom was for the boarding bosses to look to contractors for the board of hands. There was no evidence whatever that the defendant employed plaintiff to board the hands, further than can be implied in what is before stated. Upon this state of the evidence, the court below gave, among others, the following instruction, being the first of those asked by the plaintiff: " If the jury find that Ragan & Farrar had the contract on section nine of the Pacific railroad, and that plaintiff boarded the hands upon said section, they must find for plaintiff, unless the defendants show that Clifford was a sub-contractor, and they had no interest in the work done by plaintiff." It seems from the record to have been contended by the plaintiff in the court below, that Clifford was not an independent subcontractor, but merely an agent of the contractors, to superintend the work, employ hands and boarding bosses. There was a verdict for the plaintiff.

*J. D. Stevenson,* for appellant.

*C. Jones,* for respondent.

Clohecy *v.* Ragan.

SCOTT, Judge, delivered the opinion of the court.

As there was evidence in the cause that Clifford was a sub-contractor under Ragan & Farrar, he was primarily liable for the board of the laborers employed on that portion of the road he had undertaken to build. The first instruction given for the plaintiff is based on the assumption that Ragan & Farrar were primarily liable, which is not warranted by the evidence. It was for the jury to determine who was primarily liable. Had Ragan & Farrar made themselves liable in the first instance for the board, the instruction would have been correct; but as the case was developed in evidence, the court was not warranted in throwing the burden of proof on the defendant. As it stood, it was the duty of the plaintiff to show that the defendant had made himself liable. The mere circumstance that Ragan & Farrar had the contract on section nine of the Pacific Railroad, was not sufficient to warrant the assumption that they were personally liable for the board of hands employed to work upon it, especially as there was evidence of a sub-letting by them.

With the concurrence of the other judges, the judgment will be reversed and the cause remanded.